IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICENTE B. VANEGAS<br>5805 RITTENHOUSE STREET<br>RIVERDALE, MD 20737<br>    Plaintiff | :<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| THE UNITED STATES OF AMERICA<br>THROUGH ITS AGENCY<br>GENERAL SERVICES ADMINISTRATION (GSA)<br>1800 F. STREET, NW<br>WASHINGTON, DC 20405 | :<br>:<br>:<br>:<br>: |
| & | : |
| THE UNITED STATES OF AMERICA<br>THROUGH ITS AGENCY<br>FEDERAL PROTECTIVE SERVICES DIVISION<br>245 MURRAY LANE, SW<br>WASHINGTON, DC 20528 | :<br>:<br>:<br>:<br>: |
| & | : |
| THE UNITED STATES OF AMERICA<br>THROUGH ITS AGENCY<br>THE EXPORT-IMPORT BANK OF THE<br>UNITED STATES<br>811 VERMONT AVENUE, NW<br>WASHINGTON, DC 20571 | :<br>:<br>:<br>:<br>:<br>: |
| & | : |
| COASTAL INTERNATIONAL SECURITY, INC.<br>P.O. BOX 1197<br>SANTA CRUZ, NM 87567<br>Serve on:<br>CT Corporation System<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, Vicente Vanegas, by and through his attorneys Benjamin T. Boscolo, and Michael D. Reiter as counsel for his Complaint against the Defendant United States of America through its agencies General Services Administration, Federal Protective Services Division, The

Export-Import Bank of the United States and Coastal International Security, Inc. states as follows:

## **JURISDICTION, AND VENUE**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C.§1346(b)(1), for negligence of the United States of America, and The United States of America, through its agency General Services Administration (hereinafter "GSA"), Federal Protective Services Division (hereinafter "FPS"), and The Export-Import Bank of the United States (hereinafter "Export-Import Bank"), which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. §1391(e)(1), because the United States is a Defendant and Defendant Coastal International Security, Inc. (hereinafter "CIS") regularly conducts business in the District of Columbia.

## **NATURE OF THE ACTION**

3. This is a personal injury action arising out of the injury to Vicente Vanegas, on or about January 15, 2013 that occurred at or around The Lafayette Building, 811 Vermont Ave NW, Washington, DC 20571 (Hereinafter "the premises").

4. The Lafayette Building is a GSA owned building.

5. The Export-Import Bank leases space from the GSA.

6. The General Services Administration brought in a contractor named LVI Environmental Services to do demolition work in and around the GSA building in Washington DC.

7. Coastal International Security, Inc. (CIS) provided security for the building. CIS is a contractor for the Federal Protective Services Division who provide law enforcement and security for GSA buildings.

8. On January 15, 2013, Mr. Vanegas was asked by his supervisor to gather supplies.

9. On the night of the incident, Officer Cross was working the loading dock area and officer Horatio Funches was working the front desk.

10. When Mr. Vanegas was gathering the materials from the building and out through the loading dock area, there was inadequate security and supervision and he was attacked by a homeless person who was wielding a 2x4 piece of wood with a nail in it who had regularly been at the site.

11. Mr. Vanegas called for help and tried to fight off his attacker, but was severely beaten before anyone came to help him.

## PARTIES

12. Plaintiff Vicente Vanegas is a civilian employee of LVI Environmental Services and currently resides in Riverdale, Maryland.

13. At all relevant times, the defendant, the United States of America, acted through its agencies, The General Services Administration, The Federal Protective Services Division and The Export-Import Bank of the United States.

14. At all relevant times, the Defendant, Coastal International Security, Inc., was and is a corporation, association, partnership, joint venture, and/or sole proprietorship organized and existing under the laws of the South Carolina and authorized to conduct business there and within the District of Columbia and the State of Maryland.

15. At all times herein mentioned, Defendant United States through its agencies GSA , FPS, and Export-Import Bank and their aggregates, corporate, associates, and partners, and each of them were the agent, servant, employee, assignee, permissive user, successor in interest or joint venture of each other, and were acting within the time, purpose, course and scope of such relationship.

16. At all times herein mentioned, Defendant United States through its agencies GSA, FPS, and Export-Import Bank, and their aggregates, corporate, associates, and partners, and each of them were the agent, servant, employee, assignee, permissive user, successor in interest or joint venture of each other, and were acting within the time, purpose, course and scope of such agency or permission; and all acts or omission alleged herein of each such defendant were authorized, adopted, approved, or ratified by each of the other defendants.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

17. This case is brought against the United State of America pursuant to 28 U.S.C. §2671 *et seq.*, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §§1346(b)(1) and §§2674 because the personal injuries and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of the employees of the United States of America through its agencies, General Services Administration (GSA), Federal Protective Services (FPS) and Export-Import Bank of the United States (Export-Import Bank). Those employees were acting with the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to

Plaintiff in the same manner and to the same extent as a private individual under the laws of the District of Columbia.

18. Pursuant to Title 28 USC §§2672 and 2675(a), this claim was presented to the appropriate agent of the Defendant, the United States of America, namely General Services Administration and Federal Protective Services for $5,000,000 on December 23, 2014. Defendant United States of America through its agencies GSA and FPS, have failed to respond and, thus, on June 23, 2015, the claims were deemed denied by operation of law.

## **FIRST CAUSE OF ACTION-NEGLIGENCE**

### **(Against Defendant, United States of America)**

19. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.
20. Defendant, the United States of America, was negligent in its conduct leading up to Mr. Vanegas' incident on January 15, 2013, that caused Mr. Vanegas to sustain injuries by failing to follow mandatory procedures to ensure the safety of the employees involved in performing work at the premises.
21. The General Services Administration failed in its mandatory duty to properly supervise security employees while they were working on the premises.
22. The General Services Administration failed in its mandatory duty to properly inspect the premises making them dangerous for anyone working on the premises.
23. The General Services Administration failed in its mandatory duty to properly monitor the premises to prevent attacks, leaving the premises dangerous for anyone working on it.
24. The General Services Administration failed in its mandatory duty to secure the premises, leaving the premises in a dangerous security condition for anyone working on it.
25. The General Services Administration failed in its mandatory duty to provide adequate security, instead providing inadequate security and leaving the premises in a dangerous condition for anyone working on it.
26. The Federal Protective Services Division failed in its mandatory duty to properly supervise security employees while they were working in and around the premises.
27. The Federal Protective Services Division failed in its mandatory duty to properly inspect the premises making them dangerous for anyone working on it.

28. The Federal Protective Services Division failed in its mandatory duty to properly monitor the premises to prevent attacks, leaving the premises in a dangerous security condition for anyone working on it.
29. The Federal Protective Services Division failed in its mandatory duty to secure the premises, leaving the premises in a dangerous security condition for anyone working on it.
30. The Federal Protective Services Division failed in its mandatory duty to provide adequate security, instead providing inadequate security and leaving the premises in a dangerous condition for anyone working on it.
31. The Export-Import Bank of the United States failed in its mandatory duty to properly supervise security employees while they were working in and around the premises.
32. The Export-Import Bank of the United States failed in its mandatory duty to properly inspect the premises making them dangerous for anyone working on it.
33. The Export-Import Bank of the United States failed in its mandatory duty to properly monitor the premises to prevent attacks, leaving the premises in a dangerous security condition for anyone working on it.
34. The Export-Import Bank of the United States failed in its mandatory duty to secure the premises, leaving the premises in a dangerous security condition for anyone working on it.
35. The Export-Import Bank of the United States failed in its mandatory duty to provide adequate security, instead providing inadequate security and leaving the premises in a dangerous condition for anyone working on it.
36. At the time of the incident, Defendant The United States of America, through its agency General Services Administration, its agents, servants and employees, owed Mr. Vanegas a duty to refrain from engaging in conduct that needlessly endangers the public, its employees and Mr. Vanegas.
37. Defendant The United States of America, through its agency General Services Administration had the duty to have proper staffing in order to protect the public, its employees, and Mr. Vanegas from being injured.
38. Defendant The United States of America, through its agency General Services Administration had the duty to inspect the premises to protect the public, its employees and Mr. Vanegas from being injured.
39. Defendant The United States of America, through its agency General Services Administration had the duty to train its security employees and other employees working in the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

40. Defendant The United States of America, through its agency, the General Services Administration had the duty to supervise its security employees and other employees working on the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
41. Defendant The United States of America, through its agency, the General Services Administration had the duty to hire qualified employees to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
42. Defendant, The United States of America, through its agency, the General Services Administration had the duty to monitor its premises to prevent attacks on its premises to protect the public, its employees, and Mr. Vanegas from being injured.
43. Defendant, The United States of America, through its agency, the General Services Administration, had a duty to identify potential attackers on its premises to prevent attacks to protect the public, its employees, and Mr. Vanegas from being injured.
44. Defendant The United States of America, through its agency General Services Administration had the duty to promptly repair security defects to protect the public, its employees and Mr. Vanegas from being injured.
45. Defendant The United States of America, through its agency General Services Administration had the duty to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.
46. Defendant The United States of America, through its agency General Services Administration had the duty to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.
47. Defendant The United States of America, through its agency General Services Administration had the duty, in general, to be ordinarily careful in the choices it made about inspecting, maintaining, monitoring, repairing, surveillance and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.
48. Defendant The United States of America, through its agency General Services Administration had the duty, in general, to be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.
49. Defendant The United States of America, through its agency General Services Administration had the duty to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injuried.

50. Defendant The United States of America, through its agency General Services Administration had the duty to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injured.
51. At the time of the incident, Defendant The United States of America, through its agency Federal Protective Services Division, its agents, servants and employees, owed Mr. Vanegas a duty to refrain from engaging in conduct that needlessly endangers the public, its employees and Mr. Vanegas.
52. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to have proper staffing in order to protect the public, its employees, and Mr. Vanegas from being injured.
53. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to inspect the premises to protect the public, its employees and Mr. Vanegas from being injured.
54. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to train its security employees and other employees working on the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
55. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to supervise its employees and other employees working at its building to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
56. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to hire qualified employees to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
57. Defendant, The United States of America, through its agency, Federal Protective Services Division had the duty to monitor its premises to prevent attacks on its premises to protect the public, its employees, and Mr. Vanegas from being injured.
58. Defendant, The United States of America, through its agency, Federal Protective Services Division, had a duty to identify potential attackers on its premises to prevent attacks to protect the public, its employees, and Mr. Vanegas from being injured.
59. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to promptly repair security defects to protect the public, its employees and Mr. Vanegas from being injured.

60. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.
61. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.
62. Defendant The United States of America, through its agency Federal Protective Services Division had the duty, in general, to be ordinarily careful in the choices it made about inspecting, maintaining, repairing, surveillance and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.
63. Defendant The United States of America, through its agency Federal Protective Services Division had the duty, in general, to be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.
64. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injuried.
65. Defendant The United States of America, through its agency Federal Protective Services Division had the duty to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injured.
66. At the time of the incident, Defendant The United States of America, through its agency the Export-Import Bank of the United States, its agents, servants and employees, owed Mr. Vanegas a duty to refrain from engaging in conduct that needlessly endangers the public, its employees and Mr. Vanegas.
67. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to have proper staffing in order to protect the public, its employees, and Mr. Vanegas from being injured.
68. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to inspect the premises to protect the public, its employees and Mr. Vanegas from being injured.
69. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to train its security employees and other employees working in the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

70. Defendant The United States of America, through its agency, the Export-Import Bank of the United States had the duty to supervise its security employees and other employees working on the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
71. Defendant The United States of America, through its agency, the Export-Import Bank of the United States had the duty to hire qualified employees to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.
72. Defendant, The United States of America, through its agency, the Export-Import Bank of the United States had the duty to monitor its premises to prevent attacks on its premises to protect the public, its employees, and Mr. Vanegas from being injured.
73. Defendant, The United States of America, through its agency, the Export-Import Bank of the United States, had a duty to identify potential attackers on its premises to prevent attacks to protect the public, its employees and Mr. Vanegas from being injured.
74. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to promptly repair security defects to protect the public, its employees and Mr. Vanegas from being injured.
75. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to immediately repair a known security defect to protect the public, its employees and Mr. Vanegas from being injured.
76. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.
77. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty, in general, to be ordinarily careful in the choices it made about inspecting, maintaining, monitoring, repairing, surveillance and securing the premises to protect the public, its employees and Mr. Vanegas from being injured.
78. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty, in general, to be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.
79. Defendant The United States of America, through its agency the Export-Import Bank of the United Stated had the duty to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injuried.

80. Defendant The United States of America, through its agency the Export-Import Bank of the United States had the duty to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injuried.
81. Defendant The United States of America, through its agency General Services Administration breached these duties owed by engaging in conduct that needlessly endangered the public, its employees and Mr. Vanegas.
82. Defendant The United States of America, through its agency the General Services Administration breached these duties owed by choosing not to have proper staffing in order to protect the public, its employees and Mr. Vanegas.
83. Defendant The United States of America, through its agency the General Services Administration breached these duties owed by choosing not to inspect the premises to protect the public, its employees and Mr. Vanegas.
84. Defendant The United States of America, through its agency General Services Administration breached these duties owed by choosing not to properly train its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.
85. Defendant The United States of America, through its agency General Services Administration breached these duties owed by choosing not to properly supervise its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.
86. Defendant The United States of America, through its agency General Services Administration breached these duties owed by choosing not to properly hire its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.
87. Defendant The United States of America, through its agency General Services Administration breached these duties owed by choosing not to monitor its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.
88. Defendant The United States of America, through its agency General Services Administration breached these duties owed by choosing not to identify potential attackers on its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

89. Defendant The United States of America, through its agency General Services Administration breached these duties by choosing not to promptly repair security defects to protect the public, its employees, and Mr. Vanegas from being injured.

90. Defendant The United States of America, through its agency General Services Administration breached these duties by choosing not to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.

91. Defendant The United States of America, through its agency General Services Administration breached these duties by choosing not to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.

92. Defendant The United States of America, through its agency General Services Administration breached these duties by choosing not to be ordinarily careful in inspecting, maintaining, repairing, surveillance and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.

93. Defendant The United States of America, through its agency General Services Administration breached these duties by choosing not to, in general, be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.

94. Defendant The United States of America, through its agency General Services Administration breached these duties by chooing not to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

95. Defendant The United States of America, through its agency General Services Administration breached these duties by choosing not to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injuried.

96. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties owed by engaging in conduct that needlessly endangered the public, its employees and Mr. Vanegas.

97. Defendant The United States of America, through its agency the Federal Protective Services Division breached these duties owed by choosing not to have proper staffing in order to protect the public, its employees and Mr. Vanegas.

98. Defendant The United States of America, through its agency the Federal Protective Services Division breached these duties owed by choosing not to inspect the premises to protect the public, its employees and Mr. Vanegas.

99. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties owed by choosing not to properly train its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

100. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties owed by choosing not to properly supervise its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

101. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties owed by choosing not to properly hire its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

102. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties owed by choosing not to monitor its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

103. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties owed by choosing not to identify potential attackers on its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

104. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by choosing not to promptly repair security defects to protect the public, its employees, and Mr. Vanegas from being injured.

105. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by choosing not to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.

106. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by choosing not to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.

107. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by choosing not to be ordinarily careful in inspecting, maintaining, repairing, surveillance and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.

108. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by choosing not to, in general, be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.

109. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by chooing not to provide proper surveillance on the premises to protect the public, and its employees from being injured.

110. Defendant The United States of America, through its agency Federal Protective Services Division breached these duties by choosing not to remove trespassers from the premises to protect the public, and its employees from being injured.

111. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by engaging in conduct that needlessly endangered the public, its employees and Mr. Vanegas.

112. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to have proper staffing in order to protect the public, its employees and Mr. Vanegas.

113. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to inspect the premises to protect the public, its employees and Mr. Vanegas.

114. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to properly train its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

115. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to properly supervise its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

116. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to properly hire its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

117. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to monitor its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

118. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties owed by choosing not to identify potential attackers on its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

119. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by choosing not to promptly repair security defects to protect the public, its employees, and Mr. Vanegas from being injured.

120. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by choosing not to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.

121. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by choosing not to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.

122. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by choosing not to be ordinarily careful in inspecting, maintaining, repairing, surveillance and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.

123. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by choosing not to, in general, be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.

124. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by chooing not to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

125. Defendant The United States of America, through its agency the Export-Import Bank of the United States breached these duties by choosing not to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injured..

126. As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the defendant, the United States of America, and the resulting injuries to

Vicente Vanegas, plaintiff has suffered and continues to suffer from non-economic and economic losses, in an amount according to proof at trial.

## SECOND CAUSE OF ACTION-NEGLIGENCE

### (Against Defendant Coastal International Security, Inc. )

127. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

128. Defendant CIS failed in its mandatory duty to properly supervise security employees while they were working in and around the premises.

129. Defendant CIS failed in its mandatory duty to properly inspect the premises making them dangerous for anyone working on it.

130. Defendant CIS failed in its mandatory duty to properly monitor the premises to prevent attacks, leaving the premises in a dangerous security condition for anyone working on it.

131. Defendant CIS failed in its mandatory duty to secure the premises, leaving the premises in a dangerous security condition for anyone working on it.

132. Defendant CIS failed in its mandatory duty to provide adequate security, instead providing inadequate security and leaving the premises in a dangerous condition for anyone working on it.

133. Defendant CIS was negligent in its conduct leading up to Mr. Vanegas's incident on January 15, 2013 that caused Mr. Vanegas to sustain injuries by failing to follow mandatory procedures to ensure the safety of the employees involved in work on the premises.

134. At all times relevant, Defendant CIS had a duty to use ordinary care with respect to the protocol for securing the premises.

135. At the time of the incident, Defendant CIS, its agents, servants and employees, owed Mr. Vanegas a duty to refrain from engaging in conduct that needlessly endangers the public, its employees and Mr. Vanegas.

136. Defendant CIS had the duty to have proper staffing in order to protect the public, its employees, and Mr. Vanegas from being injured.

137. Defendant CIS had the duty to inspect the premises to protect the public, its employees and Mr. Vanegas from being injured.

138. Defendant CIS had the duty to train its security employees and other employees working on the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

139. Defendant CIS had the duty to supervise its security employees and other employees working on the premises to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

140. Defendant CIS had the duty to hire qualified employees to provide security to prevent attacks on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

141. Defendant CIS had the duty to monitor its premises to prevent attacks on its premises to protect the public, its employees, and Mr. Vanegas from being injured.

142. Defendant CIS had a duty to identify potential attackers on its premises to prevent attacks to protect the public, its employees, and Mr. Vanegas from being injured.

143. Defendant CIS had the duty to promptly repair security defects to protect the public, its employees and Mr. Vanegas from being injured.

144. Defendant CIS had the duty to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.

145. Defendant CIS had the duty to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.

146. Defendant CIS had the duty, in general, to be ordinarily careful in the choices it made about inspecting, maintaining, monitoring, repairing, surveillance and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.

147. Defendant CIS had the duty, in general, to be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.

148. Defendant CIS had the duty to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

149. Defendant CIS had the duty to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injured.

150. Defendant CIS breached these duties owed by engaging in conduct that needlessly endangered the public, its employees and Mr. Vanegas.

151. Defendant CIS breached these duties owed by choosing not to have proper staffing in order to protect the public, its employees and Mr. Vanegas.

152. Defendant CIS breached these duties owed by choosing not to inspect the premises to protect the public, its employees and Mr. Vanegas.

153. Defendant CIS breached these duties owed by choosing not to properly train its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

154. Defendant CIS breached these duties owed by choosing not to properly supervise its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

155. Defendant CIS breached these duties owed by choosing not to properly hire its security employees and other employees on the premises to provide security to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

156. Defendant CIS breached these duties owed by choosing not to monitor its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

157. Defendant CIS breached these duties owed by choosing not to identify potential attackers on its premises to prevent attacks on the premises, needlessly endangering the public, its employees and Mr. Vanegas.

158. Defendant CIS breached these duties by choosing not to promptly repair security defects to protect the public, its employees, and Mr. Vanegas from being injured.

159. Defendant CIS breached these duties by choosing not to immediately repair a known security defect to protect the public, its employees, and Mr. Vanegas from being injured.

160. Defendant CIS breached these duties by choosing not to immediately repair a security defect it created to protect the public, its employees, and Mr. Vanegas from being injured.

161. Defendant CIS breached these duties by choosing not to be ordinarily careful in inspecting, maintaining, repairing, and securing the premises to protect the public, its employees, and Mr. Vanegas from being injured.

162. Defendant CIS breached these duties by choosing not to, in general, be ordinarily careful in the choices it made about displaying warnings about dangerous security conditions of which it was aware or had reason to know of to protect the public, its employees, and Mr. Vanegas from being injured.

163. Defendant CIS breached these duties by choosing not to provide proper surveillance on the premises to protect the public, its employees, and Mr. Vanegas from being injured.

164. Defendant CIS breached these duties by choosing not to remove trespassers from the premises to protect the public, its employees, and Mr. Vanegas from being injured.

165. As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the defendant, Coastal International Security, Inc. and the resulting injuries to Vicente Vanegas, plaintiff has suffered and continues to suffer from non-economic and economic losses, in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

166. Wherefore plaintiff prays for judgment against defendants on all causes of action as follows:
    a. For general damages according to proof;
    b. For special damages according to proof;
    c. For personal property damages according to proof;
    d. For pre-judgment and post judgment interest as allowed by law;
    e. For costs of suit herein; and
    f. For such other and further relief as this Court may deem just and proper.

## **AMOUNTS OF CLAIMS**

167. Plaintiff seeks $5,000,000.00 (FIVE MILLION DOLLARS) in damages.

Respectfully Submitted,

  /s/
Michael D. Reiter, Esq.
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
301-220-0050
mreiter@chasenboscolo.com
*Attorney for Plaintiff*